**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA MACON DIVISION**

| | | |
|---|---|---|
| **WILLIAM LOUIS WARREN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **No. 5:25-CV-219 (CAR)** |
| **v.** | : | |
| | : | |
| **SCHWERMAN TRUCKING COMPANY,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**ORDER EXTENDING TIME TO PERFECT SERVICE and DENYING MOTION FOR HEARING**

On May 20, 2025, Plaintiff William Louis Warren, proceeding *pro se*, filed his Complaint against Defendant Schwerman Trucking Company but neither paid the filing fee nor filed a motion requesting to proceed *in forma pauperis* ("IFP"). On April 7, 2026, the Court directed Plaintiff to pay the filing fee or file an application to proceed IFP. On April 16, 2026, Plaintiff paid the filing fee. On June 30, 2026, the Court ordered Plaintiff to show cause why his complaint should not be dismissed for failure to perfect service of the summons and complaint. Plaintiff responded to the Court's Order to Show Cause contending he served Defendant with process via certified mail and attached a copy of the receipt. But Plaintiff has not shown he has properly served Defendant.

Plaintiff is "responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."[1] Plaintiff must have a Summons issued for Defendant by the Clerk of Court; Plaintiff must serve the Summons and a copy of the Complaint on Defendant by the manner and means set out in the rules; and once service is completed, Plaintiff must promptly file an affidavit of such service with the Clerk of Court.[2]

The Federal Rules of Civil Procedure contain specific requirements for serving the summons and complaint.[3] Defendant Scherman Trucking Company is an artificial corporate entity. To serve a domestic artificial entity, such as a corporation, the plaintiff must serve the summons and complaint either by following state law from the "courts of general jurisdiction in state where the district is located or where service is made" or by leaving a copy with a proper agent under the law to receive service of process.[4]

Plaintiff states he served Defendant by certified mail. But neither federal law nor Georgia law allows for mail service on a corporation.[5] Under Fed. R. Civ. P. 4(d), "a

---

[1] Fed. R. Civ. P. 4(c)(1).

[2] *See* Fed. R. Civ. P. 4.

[3] *Id.*

[4] *Id.*

[5] *See Myers v. Verizon Communs., Inc.*, Case No. 1:14-CV-1545-ODE-LTW, 2015 WL 12660396 at *5 (N.D. Ga. July 27, 2015), *adopted by* 2015 WL 12661955 (N.D. Ga. Aug. 28, 2015) ("Georgia law does not allow for mail service on a corporation."); *Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009) ("The term 'delivering appears to refer to personal service."); *Kennebrew v. Green Tree Servs.*, Case No. 1:14-cv-1346-RWS, 2014 WL 4956453 (N.D. Ga. Oct. 2, 2012) (explaining that Rule 4(h) requires that a corporation be served through personal service to an officer or agent of the corporation) (citing *Dyer*, 318 F. appx at 844).

plaintiff may request by mail that a defendant waive service of summons."[6] But a request for waiver of service does not effect service.[7] Thus, although Defendant may have received a copy of the Summons and Complaint through the mail, Plaintiff presents no evidence Defendant waived formal service. In particular, Plaintiff has not filed a signed waiver of service in the form prescribed by Rule 4(d)(1)(c).[8] Plaintiff also provides no proof he effected formal service under one of the specific methods listed in Rule 4(h).

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."[9] "[W]henever a court finds that a defendant has not been properly served under the Federal Rules of Civil Procedure, it is 'improper for the district court to … reach[ ] the merits in th[e] case.'"[10] If a plaintiff has not served a defendant within 90 days of filing the complaint, the Court must dismiss the action or order service be made by a prescribed deadline.[11] But the Court can extend the period for service of process.[12] *Pro se* pleadings are to be

---

[6] *Lloyd v. Foster*, 298 F. App'x 836, 842 (11th Cir. 2008); Fed. R. Civ. P. 4(d)(1).
[7] *Id.* (explaining that a plaintiff may not "perfect service by mail without the affirmative cooperation of the defendant.").
[8] *See* Fed. R. Civ. P. 4(d)(4) ("When the plaintiff files a waiver, proof of service is not required").
[9] *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990).
[10] *Griffin v. Equifax Info. Servs., LLC*, Case No. 1:23-cv-4149-JPB-JSA, 2023 WL 8785193, at *2 (N.D. Ga. Oct. 27, 2023), *report and recommendation adopted*, 2023 WL 8785045 (N.D. Ga. Nov. 21, 2023) (quoting *Jackson v. Johns*, 259 F. App'x 181, 183 (11th Cir. 2007)).
[11] Fed. R. Civ. P. 4(m).
[12] *Id.*; *see also Anderson v. Osh Kosh B'Gosh*, 255 F. App'x 345, 347 (11th Cir. 2006) ("[E]ven in the absence of 'good cause,' district courts have the discretion to extend the time for service of process.'") (quoting *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005)).

construed liberally.[13] But *pro se* litigants "still must comply with the Federal rules of Civil Procedure,"[14] including those pertaining to service of process.[15]

The Court will allow Plaintiff one final opportunity to perfect service in accordance with Federal Rule of Civil Procedure 4. Plaintiff is **DIRECTED** to submit either a waiver of service in accordance with Rule 4(d) or proof of service in accordance with 4(l) **within 14 days of the date of this Order**. If Plaintiff fails to perfect service, this action will be dismissed without prejudice.

Plaintiff's Motion requesting a hearing on the merits of his case [Doc. 8] is **DENIED**.

**SO ORDERED,** this 27th day of October, 2026.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[13] *See Ryzhov v. Florida*, 861 F. App'x 301, 303 (11th Cir. 2021).
[14] *Rodriquez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019).
[15] *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).